HELEN R. FRAZER    State Bar No. 92627
2901 W. Coast Hwy, Suite 200
Newport Beach, CA  92663
hfrazertrustee@gmail.com
(949) 500-6108

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, RIVERSIDE DIVISION

| | |
|---|---|
| In re:<br><br>PAYCARE, INC.<br><br>Debtor. | CASE NO. 6:11-bk-44740SC<br>CHAPTER NO. 7<br><br>**CHAPTER 7 TRUSTEE'S APPLICATION TO EMPLOY CLIFF SHULER AUCTIONEERS & LIQUIDATORS, INC. AS AUCTIONEER AND MOTION FOR ORDER AUTHORIZING SALE OF PERSONAL PROPERTY OF THE ESTATE; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF HELEN FRAZER AND DEBBIE SHULER IN SUPPORT THEREOF**<br><br>[No Hearing Required – L.B.R. 2014-1(b)]<br><br><u>Sale Information</u><br>Date: NOVEMBER 25, 2017<br>Time: 10:00 a.m.<br>Place: Shuler & Shuler Real Estate Auctioneers, Inc.<br>422 Julia St., Titusville, FL 32796. |

**TO THE HONORABLE SCOTT CLARKSON, UNITED STATES BANKRUPTCY JUDGE; THE OFFICE OF THE UNITED STATES TRUSTEE; AND OTHER INTERESTED PARTIES:**

Helen Frazer, the Chapter 7 Trustee (the "Trustee") for the bankruptcy estate of PAYCARE, INC. (the "Debtor"), hereby move this Court pursuant to 11 U.S.C. §§ 328 and 363, and Rules 2014 and 6004 of the Federal Rules of Bankruptcy Procedure, for an order approving the "Chapter 7 Trustee's Application to Employ CLIFF SHULER AUCTIONEERS & LIQUIDATORS, INC. and Motion for Order Authorizing Sale of Personal Property of the Estate" (the "Application/Motion").

The asset of the estate is a default judgment against Scott and Isabel Wilsea entered in adversary case no. 6:13-AP-01388 SC on March 20, 2015.

The above-listed personal property shall be referred to herein as the "Judgment".

The Trustee seeks to employ CLIFF SHULER AUCTIONEERS & LIQUIDATORS, INC. ("Auctioneer") to sell the Judgment for the benefit of the estate. If this Application is approved, the Auctioneer will sell the Judgment in an auction on November 25, 2017 at 10:00 a.m., at the Auctioneer's premises located a 422 Julia St., Titusville, FL 32796, unless the Trustee decides to postpone the sale pursuant to her reasonable business judgment, and upon notice to all creditors and parties in interest.

In support of this Application/Motion, the Trustee will rely on these moving papers, the Memorandum of Points and Authorities, the Declarations of Helen Frazer and Debbie Shuler, the other pleadings and orders already on file in this case, and on such other and further evidence and argument as may be made.

**WHEREFORE**, the Trustee prays that this Court enter an order:

1.  Approving the Trustee's employment of CLIFF SHULER AUCTIONEERS & LIQUIDATORS, INC. as auctioneer on the terms set forth herein;

2.  Authorizing the Trustee, through the Auctioneer, to sell the Judgment at auction for the benefit of the Debtor's bankruptcy estate;

3.  Authorizing an Auctioneer's commission of 10% of the gross sale price of the Judgment plus a pro rated share of auction costs;

4.  Authorizing the Trustee to pay the Auctioneer's commission upon approval by the Trustee of the Report of Auctioneer;

5.  Waiving the 14 day stay provided by Rule 6004(h) of the Federal Rules of Bankruptcy Procedure;

6.  Providing that the notice given by the Trustee in connection with the Application/Motion which is filed concurrently herewith, is adequate, sufficient, proper and complies with all applicable provisions of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure; and

7.  Granting such other and further relief as is just and appropriate.

DATED: October 10, 2017

/s/ Helen R. Frazer
Helen Frazer, Chapter 7 Trustee

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### BACKGROUND FACTS

1.     On November 11, 2011, Paycare, Inc. (the "Debtor") filed a voluntary petition under Chapter 7 of the Bankruptcy Code. Thereafter, Helen Frazer was appointed as the Chapter 7 Trustee of the Debtor's estate (the "Trustee").

2.     The Debtor was in the payroll processing business. The principals of the Debtor were Scott and Isabel Willsea (the "Principals"). Upon investigation, the Trustee determined that the bankruptcy filing was precipitated by the embezzlement by the Principals of funds that should have been used to pay payroll taxes on behalf of its clients. On October 14, 2013, the Trustee filed adversary case number 6:13-ap-01388 SC against the Principals. On March 20, 2015, the Trustee obtained a Judgment against the Principals in the amount of 355,627.63. The Trustee has been unable to collect on the Judgment.

3.     The purpose of this motion is to obtain Bankruptcy Court authority to employ CLIFF SHULER AUCTIONEERS & LIQUIDATORS, INC. (the "Auctioneer") to sell the Judgment at an auction.

4.     The Auctioneer will charge a commission of 10% of the sale price plus a pro rated share of the auction costs. The Auctioneer does not have an estimated value or sale price. The Trustee previously attempted to sell the Judgment by posting it on an online web site and did not receive any meaningful offers. The Trustee believes it is appropriate to liquidate the Judgment pursuant to §363 of the Bankruptcy Code through an auction sale as an alternative to either abandoning the Judgment or leaving it unadministered.

### II.

### APPLICATION TO EMPLOY AUCTIONEER

**A.     Terms of Employment Of Auctioneer And Auction**

5.     The Trustee seeks to employ the Auctioneer to undertake a sale and an auction of the Judgment on her behalf. The Auctioneer has extensive experience and background in conducting sales and auctions of the sort contemplated herein, and is well-qualified to conduct the sale and auction for the Trustee. Attached to the Declaration of Debbie Shuler annexed hereto (the "Shuler Declaration") as Exhibit 1 and incorporated herein by

reference is a statement about their experience with references. In accordance with the Revised Supervisory Instruction #10, concerning employment of auctioneers promulgated by the Office of the United States Trustee, Region 16, the Trustee proposes to employ the Auctioneer to pursue the sale and auction of the Judgment in accordance with the following terms and conditions:

    a.    The Auctioneer will be compensated by charging a fee of 10% of the gross sales price for the Judgment plus a prorated share of auction costs pursuant to 11 U.S.C. §328. The fee shall constitute full payment of the Auctioneer's fees and expenses in connection with the sale of the Judgment, including advertising expenses. The Auctioneer will seek no additional compensation from the estate. The Auctioneer will also not charge a buyer's premium for the auction of the Judgment.

    b.    The auction will be conducted during the Auctioneer's sale on November 25, 2017 at 10:00 a.m. at the Auctioneer's premises located at 422 Julia St., Titusville, FL 32796, unless the Trustee decides to postpone the sale pursuant to her reasonable business judgment, and upon notice to all creditors and parties in interest.

    c.    The Judgment shall be sold "as is" and "where is" and without any representations or warranties, express or implied.

    d.    The purchase price shall be paid in full, by cash, cashier's check or money order, which must be received by the Auctioneer on the date of purchase.

    e.    Following the sale of the Judgment, the Auctioneer shall turn over any and all proceeds from the auction to the Trustee within 7 days after the auction. In addition, no later than 21 days after the auction, the auctioneer shall prepare and submit to the Trustee a "Report of Auctioneer" (the "Auction Report"), which will include the following information: the date of the sale; each item sold; the sale price; the name, address and telephone number of the purchaser; in the case of lots, a brief description of each lot sold as well as the sale price and purchaser; the gross proceeds from the sale; a statement that the gross proceeds have been turned over to the Trustee; and a descriptive list of the items that were not sold but which were returned to the Trustee.

f.  Within 7 days after receipt of the Auction Report, the Trustee shall file the Auction Report with the Court together with a brief declaration stating that the Trustee has compared the Auction Report with the Judgment sold, the Auction Report is satisfactory; the gross funds have been turned over to the Trustee and the auctioneer has been compensated pursuant to the terms previously approved by the Court or will be compensated in the future consistent with the terms of a duly noticed application for compensation. <u>In this case, the Trustee requests Bankruptcy Court authority to pay the Auctioneer its fees upon the receipt and approval of the Auction Report by the Trustee, and the filing of the Trustee's declaration referenced herein, without the issuance of any further Court order.</u>

g.  If an individual bond has been obtained for the auction, the Trustee shall apply to the Court for authorization to exonerate the bond. Because the estimated value of the Judgment is less than $25,000, the Auctioneer has not obtained an individual bond in this case.

h.  The Trustee has verified that the Auctioneer has complied with all applicable bonding requirements. The Auctioneer has a blanket bond in favor of the United States of America in the amount of $100,000 and such blanket bond is attached hereto and is incorporated herein by reference as <u>Exhibit 2</u> to the Shuler Declaration. In addition, the total value of auction assets in all bankruptcy estates in which the Auctioneer is involved in this district does not exceed the Blanket Bond, including auctions already conducted in which funds have not yet been disbursed by the Auctioneer to a trustee and pre-auction estimated values of estate assets in custody and control of the Auctioneer.

6.  The Trustee believes that the employment of the Auctioneer in accordance with the above terms is in the best interest of this estate.

**B.  <u>The Auctioneer Does Not Hold Or Represent An Interest Adverse To The Estate And Is A Disinterested Person</u>**

7.  The Auctioneer has read and understands the provisions of sections 328 of the Bankruptcy Code which require, among other things, Bankruptcy Court approval of the Auctioneer's employment and court authorization of all fees and costs that the Auctioneer may be entitled to receive from the estate.

8.   The Trustee is informed and believes that the Auctioneer does not have any connection with the Trustee, the Debtor, its creditors, the United States Trustee or any employees of the United States Trustee, bankruptcy judges or any other party in interest, their respective attorneys and accountants. The Auctioneer does not hold an interest adverse to this estate and is a disinterested person as that term is defined in the Bankruptcy Code. Based upon the Shuler Declaration, the Auctioneer does not hold a pre-petition claim against the estate.

9.   To the best of Trustee's knowledge and based upon the Shuler Declaration, neither the Auctioneer nor any of its associates or employees, represent any interest adverse to that of the Trustee or the estate in the matters on which it is to be retained, and its principals, licensees, agents, associates and employees are disinterested persons under § 101(14) of the United States Bankruptcy Code.

10.   The conclusion that the Auctioneer is disinterested is based upon the fact that to the best of the Trustee's knowledge, based upon the Shuler Declaration, the Auctioneer:

   a. Is not a creditor, an equity security holder or an insider of the Debtor;

   b. Is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the Debtor; and

   c. Does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or in, the Debtor or for any other reason.

11.   Consequently, the Trustee asks the Court to find that the Auctioneer is "disinterested" under § 101(14) of the Bankruptcy Code.

### III.

### MOTION FOR AUTHORITY TO SELL PERSONAL PROPERTY OF THE ESTATE

**A.   Section 363(b)(1) Of The Bankruptcy Code Permits The Trustee To Sell Property Of The Estate Other Than In The Ordinary Course Of Business**

Section 363 of the Bankruptcy Code provides as follows:
> The trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate . . . .

11 U.S.C. § 363(b)(1).

The Trustee's application of her sound business judgment in the use, sale, or lease of such property is subject to great judicial deference. See In re Moore, 110 B.R. 924 (Bankr. C.D. Cal. 1990); In re Canyon Partnership, 55 B.R. 520 (Bankr. S.D. Cal. 1985).

In determining whether any sale of assets out of the ordinary course of business should be approved, bankruptcy courts usually consider the following factors:

1. Whether a sufficient business reason exists for the sale;

2. Whether the proposed sale is in the best interests of the estate, which in turn consists of the following factors:

    a. That terms of the sale are fair and reasonable;

    b. That the proposed sale has been adequately marketed;

    c. That the proposed sale terms have been properly negotiated and proposed in good faith; and

    d. That the purchaser is involved in an "arms-length" transaction with the seller; and

3. Was notice of the sale sufficient.

See In re Walter, 83 B.R. 14, 19-20 (B.A.P. 9th Cir. 1988) ("there must be some articulated business justification for using, selling, or leasing the property outside the ordinary course of business . . . As the Second Circuit held in Lionel [In re Lionel Corp., 722 F.2d 1063 (2nd Cir. 1983)], the bankruptcy judge should consider all salient factors pertaining to the proceeding and, accordingly, act to further the diverse interests of the debtor, creditors and equity holders, alike . . .").

The proposed sale and auction in this case clearly meets these standards. The sale of the Judgment will provide funds from which unsecured creditors may be paid. The Judgment is the only remaining unliquidated estate asset such that the completion of the sale will allow this case to be closed and funds on hand distributed to creditors. Based upon the foregoing, the Trustee submits that the proposed sale and auction of the Judgment satisfies the standards for approval of a sale of assets out of the ordinary course of business pursuant to § 363(b) of the Bankruptcy Code.

### B. The Trustee Requests That The Court Waive The 14-day Stay Pursuant to Rule 6004(h) of the Federal Rules of Bankruptcy Procedure

Bankruptcy Rule 6004(h) provides: "An order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise". In the instant case, the Trustee respectfully requests that the Court waive the stay provided by Rule 6004(h) to ensure that the sale can proceed when noticed by the Trustee and as marketed by the Auctioneer. Currently, the Judgment is scheduled to be sold at an auction on November 25, 2017. Thus, Trustee requests a waiver of the stay to ensure that the sale can proceed on that date.

**WHEREFORE**, the Trustee prays that this Court enter an order:

1. Approving the Trustee's employment of the Auctioneer as auctioneer on the terms set forth herein;

2. Authorizing the Trustee, through the Auctioneer, to sell the Judgments at auction for the benefit of the Debtor's bankruptcy estate;

3. Authorizing an Auctioneer's commission of 10% of the gross sale price of the Judgment plus a pro rata share of the auction expenses;

4. Authorizing the Trustee to pay the Auctioneer's commission upon approval by the Trustee of the Report of Auctioneer;

5. Waiving the 14 day stay provided by Rule 6004(h) of the Federal Rules of Bankruptcy Procedure;

6. Providing that the notice given by the Trustee in connection with the Application/Motion which is filed concurrently herewith, is adequate, sufficient, proper and complies with all applicable provisions of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure; and

7. Granting such other and further relief as is just and appropriate.

DATED: October 10, 2017               /s/ Helen R. Frazer

                                                             Helen Frazer, Chapter 7 Trustee

## DECLARATION OF HELEN FRAZER

I, Helen Frazer, declare as follows:

1. I am the Chapter 7 trustee for the bankruptcy estate of Philip and Elaine Allen (the "Debtors"). I make this declaration in support of the attached Chapter 7 Trustee's Application to Employ **CLIFF SHULER AUCTIONEERS & LIQUIDATORS, INC.** as Auctioneer and Motion for Order Authorizing Sale of Personal Property of the Estate.

2. I have personal knowledge of the following facts, and if called upon and sworn as a witness, I could and would competently testify thereto.

3. On August 24, 2015, the Debtors filed a voluntary bankruptcy petition under Chapter 7 of the Bankruptcy Code. Thereafter, I was appointed as the Chapter 7 Trustee for the Debtors' estate.

4. The Debtor was in the payroll processing business. The principals of the Debtor were Scott and Isabel Willsea (the "Principals"). Upon investigation, I determined that the bankruptcy filing was precipitated by the embezzlement by the Principals of funds that should have been used to pay payroll taxes on behalf of its clients. On October 14, 2013, I filed adversary case number 6:13-ap-01388 SC against the Principals. On March 20, 2015, I obtained a Judgment against the Principals in the amount of 355,627.63. I have been unable to collect on the Judgment

5. I previously attempted to sell the Judgment by posting it on an online web site and did not receive any meaningful offers. I believe it is appropriate to liquidate the Judgment pursuant to §363 of the Bankruptcy Code through an auction sale as an alternative to either abandoning the Judgment or leaving it unadministered. Accordingly, I am seeking to employ CLIFF SHULER AUCTIONEERS & LIQUIDATORS, INC.. as auctioneer on the terms set forth herein. As set forth in the Shuler Declaration, the Auctioneer has experience in bankruptcy estate auctions selling Judgments.

6. I have verified that the Auctioneer has complied with all applicable bonding requirements. I have verified that the Auctioneer has a blanket bond a copy of which is attached hereto as Exhibit "2".

I declare under penalty of perjury pursuant to the laws of the United States of America that the foregoing is true and correct. Executed on October 10, 2017 at Newport Beach, California.

/s/ Helen R. Frazer
HELEN R. FRAZER

## **DECLARATION OF DEBBIE SHULER**

I, Debbie Shuler, do hereby declare:

This Declaration is made in support of the foregoing "Chapter 7 Trustee's Application to Employ CLIFF SHULER AUCTIONEERS & LIQUIDATORS, INC.. as auctioneer on the terms set forth herein as Auctioneer and Motion for Order Authorizing Sale of Personal Property of the Estate" (the "Application/Motion"). The following statements are true of my own personal knowledge, except as to those matters which are herein stated upon my information and belief, and as to those matters, I believe them to be true. Unless the context indicates otherwise, capitalized terms herein shall have the meaning as defined in the Application/Motion.

1. I am a principal of the Auctioneer, which the Trustee seeks to employ by the Application to which this Declaration is attached. Attached hereto as <u>Exhibit 1</u> and incorporated herein is a summary of our experience and references.

2. The other agents, and support staff who will handle this matter, including myself, are experienced in marketing and auctioning of similar Judgments and are thus well qualified to assist in the promotion and auction of the Judgment in this case.

3. To the best of my knowledge, the Auctioneer and I are not connected with the Debtor, any creditors of the Debtor or the Debtor's estate, any other party in interest in the Debtor's case, or their respective attorneys or accountants, the United States Trustee, or any person employed in the Office of the United States Trustee.

4. I am informed and believe that my firm and its agents, associates, and employees are disinterested persons as the term is defined in 11 U.S.C. §101(14), and I:

   a. Am not a creditor, an equity security holder or an insider of the Debtor;

   b. Am not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the Debtor; and

   c. Do not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or in, the Debtors or for any other reason.

The Auctioneer is not a pre-petition creditor of this estate.

5.  The Auctioneer has been advised of and have agreed to accept the proposed employment subject to the provisions of 11 U.S.C. § 328(a). The Auctioneer understands that the Bankruptcy Court may allow compensation different from the compensation set forth herein.

6.  The Auctioneer has complied with all applicable bonding requirements. The Auctioneer has a blanket bond in favor of the United States of America in the amount of $100,000. A copy of the bond is attached hereto as <u>Exhibit 2</u> and is incorporated herein by reference. In addition, the total value of auction assets in all bankruptcy estates in which the Auctioneer is involved in this district does not exceed the Blanket Bond, including auctions already conducted in which funds have not yet been disbursed by the Auctioneer to a trustee and pre-auction estimated values of estate assets in custody and control of the Auctioneer. Finally, the Auctioneer is not required to obtain an individual bond for this case because the estimated value for the Judgment does not exceed $25,000.

7.  The Auctioneer maintains insurance for lost or stolen property.

8.  The Auctioneer agrees to undertake an auction of the Judgment in exchange for a commission of 10% of the gross proceeds received from the auction plus a pro rata share of the auction expenses. This fee shall constitute full payment of the Auctioneer's fees and expenses in connection with the sale of the Judgment, including advertising expenses, and the Auctioneer will seek no additional compensation from the estate. The Auctioneer will also not charge a buyer's premium for this auction.

9.  The auction of the Judgment will be conducted during the Auctioneer's sale on November 25, 2017 at 10:00 a.m., at the Auctioneer's premises located at 422 Julia Street, Titusville, FL 32796, unless the Trustee decides to postpone the sale pursuant to his business judgment, and upon notice to all creditors and parties in interest.

10. Following the sale and auction of the Judgment, the Auctioneer shall turn over any and all proceeds from the auction to the Trustee within 7 days after the auction of the estate property. In addition, no later than 21 days after the auction, the Auctioneer shall prepare and submit to the Trustee a "Report of Auctioneer" (the

"Auction Report"), which will include the following information: the date of the sale; each item sold; the sale price; the name, address and telephone number of the purchaser; in the case of lots, a brief description of each lot sold as well as the sale price and purchaser; the gross proceeds from the sale; a statement that the gross proceeds have been turned over to the Trustee; and a descriptive list of the items that were not sold but which were returned to the Trustee.

I declare under penalty of perjury pursuant to the laws of the United States of America that the foregoing is true and correct.

Executed on October 9, 2017 at Titusville, FL.

_____
Debbie Shuler

**EXHIBIT "1"**



## About Us

Cliff Shuler, founder of Cliff Shuler Auctioneers & Liquidators, Inc. completed his Real Estate and Auctioneers schooling and was licensed for both in 1977. Auction Business License #9, Auctioneer License #14. He is a licensed Real Estate Agent with Shuler & Shuler Real Estate Auctioneers, Inc., Debbie Shuler, licensed Real Estate Broker. They also hold Motor Vehicle Dealer License and Federal Firearms License, are SBA qualified and acts as an expert witness for attorneys, banks and bankruptcy trustees in both county and federal courts. Shuler & Shuler Real Estate Auctioneers was inaugurated in June, 1995.

Cliff has continued in the Real Estate and Auctioneering fields for over 38 years conducting commercial and residential real estate and personal property Auctions, business liquidations, and appraisals. Cliff Shuler Auctioneers & Liquidators, Inc. is the largest and oldest Auction firm in Brevard County, Florida and offers Statewide services. Cliff Shuler Auctioneers & Liquidators, Inc. have an experienced Auction staff to include Auctioneers, Real Estate Agents, Clerks, Cashiers, Assistants, award winning advertising personnel and statewide affiliates. They come equipped with a 32 foot air conditioned office trailer and with registration and check out windows, computers, PA systems, tents, tables, chairs and portable equipment and supplies. A Cliff Shuler Auction will turn your assets into cash. Net proceeds are paid to you within five business days. Since 1980 Cliff has attended the National Auctioneers Association and Florida Auctioneers Association continuing education workshops and seminars. On an average he attends 14 seminars, 3 times per year.

## References

U. S. Government Small Business Administration
100 South Biscayne Blvd.
Suite 700
Miami, FL 33131
Tom Gallman
305-536-5521

Parrish Medical Center
951 N Washington Ave.
Titusville, FL 32796
Frank Polidora
321-225-7583

Brevard County Tax Collector
500 S. Park Ave.
Titusville, FL 32796
321-633-2199

Regions Bank
2525 Garden St
Titusville, FL 32796
321-383-1971

City of Cocoa Beach
P.O. Box 322430
Cocoa Beach, FL 32932-2430
321-868-3286

City of Titusville
555 S Washington Ave.
Titusville, FL 32780
321-383-5767

Florida Auctioneers Association
422 Julia St.
Titusville, FL 32796
321-268-2250

National Auctioneers Association
8880 Balentine
Overlook Park, KS 66214
913-541-8084

U.S. Government Bankruptcy Trustee
Marie Henkel
3560 S. Magnolia Avenue
Orlando, FL 32806
407-438-6738

U.S. Government Bankruptcy Trustee
George Mills, Jr.
9334 Bay Vista Estates
Orlando, FL 32819
407-352-0405

(void(0);/*1218725000882*/)View Full Resume as a PDF File (http://www.soldfor.com/wp/wp-content/uploads/2011/08/aboutus.pdf)

# Professional Accomplishments

- Expert Witness {Auction Industry} – State of Florida, Department of Business and Professional Regulations
- Director – Florida Auctioneers Association (2010)
- Ex-Officio - Florida Auctioneers Association (2004)
- President - Florida Auctioneers Association (2003)
- Vice President - Florida Auctioneers Association (2002)
- Director - Florida Auctioneers Association (1999 & 2000)
- Louis C. Dell Award (Hall of Fame) - Florida Auctioneers Association (1998)
- Man of the Year Award - Titusville Area Chamber of Commerce
- Outstanding Community Service Awards
- Appreciation Award – Florida Auctioneers Association {FAA}
- Appreciation Award - Titusville Kiwanis Club
- Appreciation Award -Titusville Area Chamber of Commerce
- Director -Titusville Area Chamber of Commerce (2 years)

- Executive Board Member-Titusville Area Chamber of Commerce (2 years)
- Chairman-Indian River Festival (5 years)
- Good Guy of the Year Award- American Business Women's Association
- Featured Titusville Chamber of Commerce Business of the Month
- Founding Auctioneer for North Brevard Duck's Unlimited (1985 to present)
- Past Board Member - HOW House (Drug/Alcohol Rehabilitation)
- Guest Speaker - Florida Auctioneers Association (FAA)
- Instructor - Florida Auctioneers Association (FAA)
- Guest Speaker - National Auctioneers Association (NAA)
- Instructor - National Auctioneers Association (NAA)
- Business of the Month - Better Business Council
- Titusville Police Department - Citizen Appreciation Award
- Grievance Committee Chairman-Florida Auctioneers Association (2012-2014)

# National & Florida Auctioneers Associations Advertising Awards

NAA:

- One Color Commercial & Industrial (1987)
- Newspaper & Magazine Institutional (1988, 1998, 1993)
- One Color Real Estate (1989)
- Auction Business Stationary (1990, 1996)
- One Color General Household & Estate (1991)
- Newspaper & Magazine Commercial & Industrial (1992)
- Auction Business Stationary (1996)
- Promotional and Television Advertising (1998)
- One Color Auction Printed Materials
- Household & Estate Liquidations (1999 & 2001)
- Business Promotion
- Company Promotional Items - PT Cruiser (2001)
- Auction Presentation-Auction Summaries (2002)
- Advertising (2003)
- Broadcast & Audio Visual Television Commercial
- Company Promo-Signage
- Vehicles
- Outdoor Advertising (2004, 2013)
- 
- 

FAA

- One Color Brochure (1996, 1998, 2002, 2006- 2008, 2012,2014)
- Two Color Brochure (1997, 2001, 2002, 2005, 2011)
- Promotional/Institutional (1998, 2006,2008, 2009, 2011, 2013)
- Press Release (1999, 2008, 2010)

- Newspaper Advertising (1999, 2005, 2007, 2010-2012, 2013, 2014)
- Stationary & Business Card (1997, 1999, 2001, 2006- 2009, 2011, 2012, 2014)
- Photography (2002, 2011, 2012)
- Television Advertising (2003, 2006)
- Mass Media (2007, 2008, 2010-2012)
- Website (2007)
- Novelties/Promo Products (2007, 2008, 2010, 2012, 2013)
- Postcards (2008, 2009, 2010, 2012)
- Magazine Publication (2009- 2012)
- Email Blast (2009)
- Best of Show (2010, 2012)

## Professional Memberships

- National Auctioneers Association - Life Member
- Florida Auctioneers Association - Life Member
- Florida Independent Auto Dealers Association
- National Association of Bankruptcy Trustees
- North Brevard Duck's Unlimited

- Downtown Titusville Merchants Association
- Central Florida Bankruptcy Law Association
- National Bankruptcy Institute
- American Bankruptcy Institute
- Past Member - Titusville Kiwanis

## National Auctioneers Association:

- FL Lic Board Educational Seminars
- Using the Internet to Open Your Auctions
- Asset Management/Recovery Service
- Assessing the Value of Used Heavy Equipment
- Legal Pitfalls-What to Watch For
- The Auctioneer as Appraiser
- Auctioneer as Advertising Agency
- Legally Selling Firearms under the Brady Bill
- Municipal/Government Auctions
- Real Estate Brokers: Competitor or Partner?
- An Auction Center: A Place to Sell it All
- Prospecting & Soliciting Financial Institutions
- Personal Property at Auction
- Promoting Your Auction
- Auction Industry
- New Furniture Store Auctions
- Auction Business
- Auctioneers-Appraisers by Accident
- Avoiding Capital Gains Tax on the Sale-Sessions I & 2
- Realtor Partner in R.E. Auctions
- Answering the Hard Questions & Overcoming Objections
- Working With Federal Institutions
- The Auctioneer, Technology 2000 - 2014
- Preparing for the Multi-Property Auction
- Don't Give Up the Ship!
- Making Online Auctions Work for You Internet Auction Reality Check
- A Primer on Bankruptcy
- Auctioneers, Secured Transactions/Uniform Code
- What the Auctioneer Needs to Know about Bankruptcy
- The Impact of the Internet on Real Estate Auctions
- The Auctioneer & Technology in 2000 & Beyond

- Hazardous Waste/Potential Liability
- Interstate Transportation of Stolen Property
- Commercial Equipment Auctions
- Litigation and Auctions
- Auctioneer/Real Estate Agent Co Brokering
- Real Estate at Auction
- Benefit Auctions
- How to Target Sellers & Win Their Business
- The Internet/World Wide Web & the
- Industrial Auctions: A Closer Look
- Developing Your Niche
- Auctions in Australia
- The Auctioneer's Relationship with Heirs, etc.

**EXHIBIT "2"**

# E. R. MUNRO & COMPANY
*bonds and insurance*

One Gateway Center, Suite 400
420 Fort Duquesne Boulevard
Pittsburgh, PA 15222-1460
Phone: 866-313-0429
Fax: 412-281-6195
Email: insurance@ermunro.com

## ------------------RECEIPT----------------

| Customer | Cliff Shuler Auctioneers & Liquidators, Inc. |
|---|---|
| Date | March 6, 2017 |
| Customer Service | E. R. Munro and Company E. R. Munro and Company |
| Page | 1 of 1 |

Cliff Shuler Auctioneers & Liquidators, Inc.
and Shuler & Shuler Real Estate Auctioneers, Inc.
422 Julia Street
Titusville, FL 32796-3523

| Payment Information | |
|---|---|
| Invoice Summary | |
| Payment Amount | |
| Payment for: | |
| 601054580 | |

Customer: Cliff Shuler Auctioneers & Liquidators, Inc.

| Invoice | Effective | Transaction | Description | Amount |
|---|---|---|---|---|
| 118523 | 03/28/2017 | Renewal | Policy #601054580  03/28/2017 - 03/28/2018<br>Parent Company - Liberty Mutual Insurance Co.<br>Writing Company - Ohio Casualty Insurance Company<br>Bankruptcy Auction - $100,000 Bond – 1 Year Term<br><br>Received check #11958 dated 02/14/2017.<br><br>THIS BOND IS CONTINUOUS.<br>This receipt is proof the bond has been renewed, is in effect for the new term, and is paid in full.<br><br>Thank you for your business! | $500.00 |
| | | | Total | $500.00 |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
2901 W. COAST HIGHWAY, SUITE 200, NEWPORT BEACH, CA 92663

A true and correct copy of the foregoing document entitled (*specify*): _____
CHAPTER 7 TRUSTEES APPLICATION TO EMPLOY AUCTIONEER AND AUTHORIZING SALE OF PERSONAL PROPERTY OF THE ESTATE
_____

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____10/19/2017_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

US Trustee    ustpregion16.la.ecf@usdoj.gov
Mark Schnitzer    mschnitzer@rhlaw.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____10/19/2017_____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 10/19/2017 | Helen R. Frazer | _[signature]_ |
|---|---|---|
| Date | Printed Name | Signature |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                F 9013-3.1.PROOF.SERVICE